IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JUAN RODRIGUEZ-MORENO, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 08-493 -TC |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| STATE OF OREGON, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

COFFIN, Magistrate Judge.

Presently before the court is a petition for habeas corpus relief brought pursuant to 28

U.S.C. Section 2254. Represented petitioner challenges his January 20, 2003 conviction for Sex

Abuse III. For the reasons discussed below, the petition should be denied.

## **BACKGROUND**

The following factual summary is taken from the Oregon Court of Appeals opinion in Juan

Rodriguez-Moreno, 208 Or. App. 659, 661-662 (2006), rev. den. , 343 Or. 159 (2007).

Petitioner was a permanent legal resident of the United States, but not a naturalized citizen. On

1 - FINDINGS AND RECOMMENDATION

the day of the incident underlying his criminal conviction, petitioner, his cousin Paco Rodriguez-Rosillo, and the victim, who was a juvenile, were all inside petitioner's apartment smoking marijuana and drinking beer. After Rodriquez-Rosillo left the apartment, sexual contact occurred between petitioner and the juvenile victim. As a result of the contact, the state filed the following criminal charges against petitioner: sexual abuse in the second degree, contributing to the sexual delinquency of a minor, sexual abuse in the third degree, and delivery of a controlled substance to a minor.

On December 5, 2002, the court appointed trial counsel to represent petitioner. In his investigation of petitioner's case, trail counsel attempted to locate petitioner's cousin, Rodriguez-Rosillo, but was unable to do so because Rodriguez-Rosillo left Oregon about a week after petitioner was taken into custody.

Petitioner's trial was set for January 30, 2003. Trial counsel's assistant and trial counsel's associate attorney discussed deportation with petitioner, and advised both petitioner and his family that if they wanted additional deportation information, they should contact an immigration attorney.

On December 19, 2002, trial counsel's associate attorney also advised petitioner of the need to obtain the victim's juvenile and social records. Those records subsequently revealed information regarding the victim's emotional and mental health problems, and past unsafe and rebellious behaviors. Petitioner initially agreed to sign a 60 day speedy trial waiver to allow sufficient time to subpoena the records. However, petitioner subsequently changed his mind in early January 2003 and refused to sign the waiver. Trial counsel did not subpoena the victim's records.

On January 30, 2003, petitioner, in a plea agreement with the State, pleaded no contest to sexual abuse in the third degree and the remaining charges were dismissed. At the time of the plea, trial

2 - FINDINGS AND RECOMMENDATION

counsel did not advise petitioner that he would have to register as a sex offender.

Petitioner originally asserted several grounds for relief in this court. All of the asserted grounds are based on ineffective assistance of counsel. Some of the grounds overlap and are repetitive. As such, this court will address the grounds as represented petitioner presents his arguments on them in his Memo in Support of the Petition (#45). Such approach addresses the petition in full. However, if there is an arguably unaddressed ground, it is deemed waived and should be denied.

## DISCUSSION

## I.   The State court's decisions to deny relief on Petitioner's Claims are due deference under AEDPA, and should not be disturbed.

Petitioner claims that that his trial attorney provided ineffective assistance with regard to the following: advice to petitioner regarding sex offender registration; advice to petitioner on the immigration consequences of his plea; failing to provide petitioner with an immigration expert; and failing to investigate the underlying charges. Relief on such claims should be denied because the claims were denied in State court, and the State court's decisions are entitled to deference. State court relief was denied in decisions that were neither "contrary to," nor "unreasonable applications of" United States Supreme Court precedent.

### A.   Relevant law

#### 1.   Applicable law on AEDPA deference

Petitioner filed his original petition for habeas corpus relief after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, AEDPA applies to

3 - FINDINGS AND RECOMMENDATION

the review of his petition.

The relevant portion of AEDPA amended 28 U.S.C. § 2254 by adding the following:

(d)     An application for a writ of habeas corpus on behalf of a person in custody
        pursuant to the judgment of a State court shall not be granted with respect to
        any claim that was adjudicated on the merits in State court proceedings unless
        the adjudication of the claim -

        (1)     resulted in a decision that was contrary to, or involved an
                unreasonable application of, clearly established Federal law, as
                determined by the Supreme Court of the United States; or

        (2)     resulted in a decision that was based on an unreasonable
                determination of the facts in light of the evidence presented in the
                State court proceeding.

State court determinations need not be deferred to in every case. See Williams v. Taylor, 529

U.S. 362, 389 (2000)("If, after carefully weighing all the reasons for accepting a state court's

judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that

independent judgment should prevail."). However,

> AEDPA plainly sought to ensure a level of deference to the determinations of state
> courts, provided those determinations did not conflict with federal law or apply
> federal law in an unreasonable way. Congress wished to curb delays, to prevent
> "retrials" on federal habeas, and to give effect to state convictions to the extent
> possible under law. When federal courts are able to fulfill these goals within the
> bounds of the law, AEDPA instructs them to do so.

Williams, 529 U.S. at 386 (citation omitted).[1]

---

[1]The Williams court also found different and independent meanings in the "contrary to" and
"unreasonable application of" clauses of AEDPA. Under the "contrary to" clause, a federal court
may only grant habeas relief if: (1) the state court applied a rule that contradicts the governing law
set forth in Supreme Court caselaw; or (2) the case confronting the state court was materially
indistinguishable from a Supreme Court decision yet the court nevertheless arrived at a result
different from the Supreme Court precedent. Id. at 406. Under the "unreasonable application of"
clause, a federal court may only grant habeas relief "if the state court identifies the correct governing
legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the
facts of the prisoner's case." Id. at 412-13. The evaluation of reasonableness is tested against an

## 2.    Applicable law on ineffective assistance of counsel claims

Review of a claim of ineffective assistance of counsel can involve a two part analysis.

A petitioner alleging ineffective assistance of counsel first must show that counsel "made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight.[2] Id. at 689-90. The reasonableness of counsel's actions "may be determined or substantially influenced by defendant's own statements or actions." Id. at 691.

The second part of the analysis looks at the consequence of any error counsel is found to have made. The error must have been "so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable." Id.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. The petitioner

---

objective standard. Id. at 409-10. The Court also noted that:

> [T]he most important point is that an unreasonable application is different from an incorrect application of federal law . . . In § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11 (emphasis in original).

[2]"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

5 - FINDINGS AND RECOMMENDATION

must affirmatively prove the prejudice. Id. at 693. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome . . ., and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. However, a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome of the case." Id. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Unless a petitioner shows both error and prejudice, "it cannot be said that a conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 686.

## B.    Analysis for petitioner's claims

The State court denied petitioner's claims that his trial counsel provided ineffective assistance of counsel. As previously stated, relief on all claims in this court should be denied because the claims were denied in State court, and the State court's decisions are entitled to deference. State court relief was denied in decisions that were neither "contrary to," nor "unreasonable applications of" United States Supreme Court precedent.

For one of his claims, petitioner simply asserts that "[d]efense counsel failed to provide an immigration attorney as required by the United States Constitution. Ake v. Oklahoma, 470 U.S. 68 (1985)." P. 7 of Memo (#45). However, petitioner did not address respondent's earlier filed Answer which persuasively demonstrates that State court deference is appropriate and that this claim lacks a legal basis and merit. See p. 14 of Answer (#14).

As for claims regarding trial counsel's advice regarding the immigration consequences of his plea and advice regarding sex offender registration, petitioner has cited the relatively recently decided case of Padilla v. Kentucky, 130 S.Ct. 1473 (2010) . There, the Court held that a defense lawyer

6 - FINDINGS AND RECOMMENDATION

failed to provide his noncitizen client effective assistance of counsel under <u>Strickland v. Washington</u>
when he did not warn him that he was almost certain to be deported if he pled guilty in his criminal
matter.

The parties in the present case debate the retroactivity and applicability of <u>Padilla</u>. However, as
respondent demonstrates, even if <u>Padilla</u> were applicable, Oregon's Post Conviction Court and the
Oregon Court of Appeals found that, in fact, petitioner had been advised by his counsel that he
<u>would</u> be deported if he pled guilty. See p.p. 7-8 of Respondent's Answer to Petitioner's Memo
(#51).

Petitioner's subsequent response to respondent's demonstration of the above states:

> Mr. Lopez was not clear to the petitioner that he was giving up his
> right to be in the United States forever. In the transcript of the trial
> proceedings, the court asked if Mr. Rodriquez-Moreno was informed
> that there could be additional consequences for him since he was not
> a United States citizen. Mr. Lopez responded 'Judge, I very carefully
> and specifically indicated that my client was subject to deportation.
> He understands that' This was an ambiguous statement in that Mr.
> Lopez did not state that deportation would be mandatory.

P.p. 6-7 of Petitioner's Response (#52).

The decision on the claim and the finding of the State court that petitioner's counsel had in fact
informed petitioner that he <u>would</u> be deported  was based on a reasonable determination of facts in
light of the evidence presented in the State court proceeding. The decision was supported by
substantial evidence in the State court record and is entitled to a presumption of correctness.   "A
determination of a factual issue made by a state court shall be presumed to be correct" and the
petitioner has "the burden of rebutting the presumption of correctness by clear and convincing
evidence." 28 U.S.C. § 2254(e)(1).  Petitioner has not met its burden of rebutting the presumption
by clear and convincing evidence. As such, petitioner's trial counsel  went above and beyond the

7 - FINDINGS AND RECOMMENDATION

then existing requirements of constitutionally effective counsel and, moreover, he fully satisfied any

possibly new dictates of the Supreme Court in Padilla.

Petitioner's claim that his counsel failed to inform him of the permanent sex offender registration

requirement that went along with his guilty plea similarly fails due to State court deference, and on

its own.    Padilla, even if it is applicable, does not expressly require notice of "collateral"

consequences of conviction beyond  deportation, i.e., notice is not required for sex offender

registration requirements , firearm possession bans, etc.[3]

Petitioner's claim that his counsel was ineffective for not investigating the underlying charges

also fails. This ground involves the alleged failure to investigate in finding a witness and obtaining

the juvenile records of the victim. The claim fails for at least two reasons. First, there is a complete

failure to establish the requirement of prejudice under Strickland. Equally significant is the fact that

petitioner was well aware that the investigation was not complete. Petitioner was indeed faced with

a difficult choice when the statutory time limit was approaching: waive the 60 day speedy trial

requirement and allow trial counsel and his investigator to continue the investigation and preparation

of defenses, go to trial and face a 70 month prison sentence, or plead no contest to a misdemeanor.

Petitioner made a free and voluntary decision to enter a plea before Multnomah County Circuit Court

Judge Clifford L. Freeman (Ex 102, p. 126).

---

[3]Petitioner also appears to attempt to link the registration and deportation argument. See
Memo (#45). However, as discussed above, the deportation argument is not persuasive and the fact
of deportation encompasses and overshadows the sex offender registration issue. Petitioner has not
argued and provides no support for an argument that counsel must give notice of the sex offender
registration requirement and that petitioner could be deported for that and that a deportation may
have an effect on future reentry with other immigration consequences. As discussed above,
petitioner was advised he would  be deported and that is more than what is required in the
circumstances of this case.

Witness Paco Rodriguez-Rosillo

Trial counsel's investigator, Javier De La Melena, attempted unsuccessfully to locate witnesses who had left the State. Paco Rodriguez-Rosillo testified at the post-conviction hearing and said he would have returned to Portland to testify for petitioner. But as Judge Bergman found:

> But before a court let him testify, it would have had to advise him about incriminating himself concerning supplying marijuana to a minor. Even if he did testify, he left before any of the sexual activity is alleged to have occurred. The court cannot say that he would have testified or that his testimony was likely to change the outcome of the trial. But the basic issue is still whether the investigation was complete by the day of the plea. It wasn't. Mr. Kaplan and Mr. Lopez both told the petitioner that they needed additional time to prepare, but Mr. Rodriguez refused to sign the 60 day waiver. They had no choice but to go ahead. The petitioner cannot now fault them.

Ex. 102, pp. 259-60.

Judge Bergman's findings were affirmed by the Court of Appeals which found that trial counsel's investigator had followed all the leads provided by petitioner and his family and that petitioner had failed to "prove he was prejudiced by counsel's failure to locate Rodriguez-Rosillo." 208 Or. App. At 666.

Records of Victim

Trial counsel's investigator had not subpoenaed the records of the victim as directed by Matthew Kaplan, an attorney associate under Mr. Lopez. Judge Bergman reviewed the records and found that "this court, having reviewed those records, does not find that they had enough admissible evidence to affect the outcome of this case." (Ex. 102, p. 259). The Court of Appeals found a failure to establish prejudice and that petitioner "does not dispute the post-conviction court's determination that the victim's records were inadmissible." 208 Or. App. At 666.

This court performed an in camera review of the documents and concurred with Judge Bergman's conclusions. Petitioner and respondent's counsel were also granted access to the documents in a controlled setting, with a protective order and the sealing of documents and redactions, but petitioner did not provide persuasive argument changing the State courts' or this court's conclusions. The decision on the claim in State court is entitled to deference and the findings of the State courts were based on a reasonable determination of facts in light of the evidence presented in the State court proceeding. The decision was supported by substantial evidence in the State court record and is entitled to a presumption of correctness. "A determination of a factual issue made by a state court shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not met its burden of rebutting the presumption by clear and convincing evidence. The claims were denied in State court, and the State court's decisions are entitled to deference. For all the reasons stated above, petitioner's investigation claim fails and should be dismissed.

10 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons stated above, petitioner's petition (#1) should be dismissed, relief on all

claims should be denied and this action should be dismissed.

DATED this $15$ day of November, 2011.

Thomas M. Coffin

United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION